AO 91 (Rev. 08/09) Criminal Complaint

## UNITED STATES DISTRICT COURT
for the

FILED by _____ D.C.

AUG - 1 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America <br> v. <br> EDUAN GOMEZ-RODRIGUEZ, <br> A/K/A FIDEL GONZALEZ-HIDALGO, <br><br> *Defendant(s)* | ) <br> ) Case No. 12-8306-WM <br> ) <br> ) <br> ) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 31, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Re-entry after deportation. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/01/2012__

_____
Judge's signature

City and state: __West Palm Beach, Florida__    William Matthewman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. Your affiant is currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding this investigation but only those facts necessary to establish probable cause.

3. On or about July 29, 2012, an individual identifying himself as Fidel GONZALEZ was arrested in Palm Beach County, Florida on charges of larceny-petit theft and failure to appear. He was booked and detained at Palm Beach County Jail.

4. On July 31, 2012, at the Palm Beach County Jail, Immigration Enforcement Cynthia Alcocer took a sworn statement from the individual identifying himself as Fidel GONZALEZ. Post-*Miranda*, defendant claimed that his true and complete name is Fidel GONZALEZ-HIDALGO, and that previously he identified himself as **Eduan GOMEZ-RODRIGUEZ.** He also admitted to being

1

a citizen of Mexico and to having been previously deported from the United States. **Eduan GOMEZ-RODRIGUEZ** further admitted that he did not seek permission to re-enter the United States.

5. On or about July 31, 2012, your affiant received documents from the alien file assigned to **Eduan GOMEZ-RODRIGUEZ.** Official records within alien file show that **Eduan GOMEZ-RODRIGUEZ** is a native and citizen of Mexico. Records further show that on or about February 17, 2008, **Eduan GOMEZ-RODRIGUEZ** was ordered removed from the United States. That Order of Removal was executed on or about February 17, 2008. Thereafter, the defendant returned to the United States, and was removed for the second time on or about March 12, 2011.

6. Border Patrol fingerprint examiner Richard Abbott conducted a fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on July 31, 2012, that is, **Eduan GOMEZ-RODRIGUEZ**, was the same person previously removed from the United States.

7. Your affiant performed a record check in the Computer Linked Application Informational Management System (CLAIMS) to determine if **Eduan GOMEZ-RODRIGUEZ** filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that **Eduan GOMEZ-RODRIGUEZ** obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law. Certificate of Non-Existence

2

of Record has been requested from Bureau of Citizenship and Immigration Services.

8. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on July 31, 2012, **Eduan GOMEZ-RODRIGUEZ** also known as Fidel GONZALEZ-HIDALGO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me

this 1st day of August, 2012.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

UNITED STATES OF AMERICA

vs.

EDUAN GOMEZ-RODRIGUEZ,
A/K/A FIDEL GONZALEZ-HIDALGO,

      Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

BY: _____
      Kerry Baron
      Assistant United States Attorney
      Florida Bar No. A5500040
      500 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33401
      TEL: (561) 820-8711
      FAX: (561) 805-9846